# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA SPANO and SUSAN MIZAK, | : | CIVIL ACTION NO. 2:17-CV-717 |
| | : | |
| | : | (Chief Judge Conner) |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| OHIO HOSPICE AND PALLIATIVE CARE d/b/a Paramount Hospice and Palliative Care, PARAMOUNT HOSPICE AND PALLIATIVE CARE, and JAMES J. COX, individually, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiffs Virginia Spano ("Spano") and Susan Mizak ("Mizak") commenced this action against their former employers asserting claims under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 PA. STAT. AND CONS. STAT. ANN. § 260.1 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and a common law claim for wrongful discharge. (Doc. 13). Defendants move to dismiss Count III of plaintiffs' second amended complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (Doc. 15).

## I.    Factual Background & Procedural History

Spano and Mizak worked for defendant Ohio Hospice and Palliative Care ("Ohio Hospice") which does business in Pennsylvania as Paramount Hospice and Palliative Care ("Paramount Hospice"). (Doc. 13 ¶¶ 4-5, 8). James J. Cox ("Cox") owns Paramount Hospice. (Id. ¶ 6). Spano and Mizak allege that they each had a written employment contract as well as "an implied oral contract" that provided for

overtime pay. (Id. ¶¶ 8-10, 18-20). Hospice employees are required to sign in and out at the reception desk each day and submit timesheets logging their hours. (Id. ¶¶ 9, 20). Spano and Mizak aver that they were not permitted to include overtime hours worked on these timesheets. (Id. ¶¶ 12, 17).

Spano and Mizak reported patients' "deplorable conditions" to defendants. (Id. ¶ 31). They also informed supervisors of instances of Medicare and Medicaid fraud. (Id. ¶ 32). Spano and Mizak assert that defendants retaliated against them for reporting the alleged fraud and abuse of elderly patients by terminating their employment on November 24, 2015. (Id. ¶¶ 12, 17). They claim that the termination was partially grounded in age discrimination as well. (Id.) Spano and Mizak contend that, following their termination, defendants prevented them from filling out their final timesheets and subsequently accused Spano and Mizak of falsifying various timesheets during their employment. (Id. ¶¶ 13, 22, 37-38). Spano and Mizak allege that there is a class of defendants' current and former employees who are owed overtime pay earned during the last five years. (Id. ¶¶ 27-28).

Spano and Mizak filed an administrative complaint with the United States Equal Employment Opportunity Commission and received a right-to-sue letter. (Id. ¶¶ 15, 23). On March 22, 2017, Spano and Mizak filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. (Doc. 1-1). Defendants removed the case to federal court on June 1, 2017. (Doc. 1). Spano and Mizak are presently proceeding on their second amended complaint. (Doc. 13). Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss Count III of the second amended complaint which asserts a putative class action claim for

violation of the WPCL.  (See Doc. 15).  Alternatively, defendants seek to strike certain allegations related to the putative class in Count III under Federal Rule of Civil Procedure 12(f).  (See id.)  The motion is fully briefed and ripe for disposition.

## II.  <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (alteration in original) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  <u>Id.</u> at 130 (alteration in original) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  <u>Id.</u> at 131-32; <u>see</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it

must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). District courts have "considerable discretion" in resolving a Rule 12(f) motion. Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)). In general, such a motion will be denied unless the allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims. Id.; see also 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2016). A party is prejudiced when the challenged pleading "confuses the issues" or places an undue burden on the responding party. Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015).

## III.    Discussion

Spano and Mizak raise eight counts in their second amended complaint. Defendants challenge only Count III, which asserts a violation of the WPCL on behalf of a putative class. Defendants argue that Spano and Mizak's allegations constitute an impermissible fail-safe class. Spano and Mizak contend that the putative class is sufficiently ascertainable and is therefore not a fail-safe class. The court will deny defendants' motion.

A fail-safe class bases its membership upon the validity of putative members' legal claims. Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012). Fail-safe classes are not ascertainable until the end of litigation, as a finding of liability is a necessary condition for membership in the class. See, e.g., Zarichny v. Complete Payment Recovery Servs., Inc., 80 F. Supp. 3d 610, 623-24 (E.D. Pa. 2015) (citing Slapikas v. First Am. Title Ins. Co., 250 F.R.D. 232, 250-51 (W.D. Pa. 2008)). The Third Circuit has not explicitly considered whether fail-safe classes are permissible, but has cited approvingly to cases in other circuits that have categorically disallowed fail-safe classes. See Byrd v. Aaron's Inc., 784 F.3d 154, 167 (3d Cir. 2015) (quoting In re Nexium Antitrust Litig., 777 F.3d 9, 22 (1st Cir. 2015); Messner, 669 F.3d at 825). Two recent decisions in the Eastern District of Pennsylvania conclude that fail-safe classes are not certifiable. See O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC, No. 16-3563, 2017 WL 634069, at *4 (E.D. Pa. Feb. 16, 2017); Zarichny, 80 F. Supp. 3d at 623-24.

The principal concern with fail-safe classes is ascertainability. Ascertainability is an "essential prerequisite" for class actions brought under Federal Rule of Civil Procedure 23(b)(3). Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 592-93 (3d Cir. 2012) (citations omitted). The ascertainability inquiry requires plaintiffs to demonstrate that a proposed class is "defined with reference to objective criteria," and that there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013) (citing Marcus, 687 F.3d at 593-94). The court may not certify a class if it cannot identify

class members "without extensive and individualized fact-finding or 'mini-trials.'" <u>Marcus</u>, 687 F.3d at 593. But the ascertainability analysis is exceedingly narrow and wholly distinct from other class certification requirements. <u>Byrd</u>, 784 F.3d at 165. The requirement demands only that courts be able to identify putative class members; it does not require exacting precision and the ability to find *all* class members at the moment of class certification. <u>Id.</u> at 163 (citing <u>Carrera v. Bayer Corp.</u>, 727 F.3d 300, 308 n.2 (3d Cir. 2013)).

Defendants identify language in paragraphs 3 and 25 of the second amended complaint in support of their argument that Spano and Mizak have pled a fail-safe class. The paragraphs read in pertinent part:

> 3. Plaintiffs, "All Those Similarly Situated" refers to all employees and former employees of Defendant . . . whose wages remain unpaid beyond thirty (30) days or more in violation of the [WPCL].
>
> * * *
>
> 25. Based on information and belief, employees and former employees of Defendant . . . had wages that have remained unpaid beyond thirty (30) days or more in violation of the [WPCL].

(Doc. 13 ¶¶ 3, 25). Defendants contend that the class alleged in these paragraphs is fail-safe because it requires plaintiffs to establish liability in order to ascertain the identities of class members. (Doc. 16 at 4). We disagree.

The parameters of the class are ascertainable from the four corners of plaintiffs' second amended complaint. Spano and Mizak limit the putative class to individuals employed by defendants during the last five years who were denied overtime wages. (Doc. 13 ¶ 28). The class is further narrowed to individuals who

were required to omit overtime hours worked from their timesheets. (Id. ¶¶ 27). To identify the former and current employees who meet these criteria, Spano and Mizak propose to utilize defendants' business records, specifically the sign in sheets maintained by the receptionist and the timesheets submitted by employees. (Id. ¶¶ 9, 20, 27). Spano and Mizak argue that they can compare employees' "true hours worked"—derived from the sign in and sign out times—with the hours actually reported on timesheets to ascertain which employees may be entitled to withheld overtime pay. (Doc. 20 at 7).

These business records constitute objective criteria and a feasible, reliable mechanism for determining which putative class members actually fall within the class definition. See Hayes, 725 F.3d at 355. Moreover, Spano and Mizak are not relying on potential class members' word when determining whether they were required to omit overtime hours worked from their timesheets. Cf. Zarichny, 80 F. Supp. 3d at 625-26. Paragraphs 3 and 25 standing alone might constitute a fail-safe class, but Spano and Mizak satisfied their burden by providing objective criteria elsewhere in the second amended complaint to show that the putative class is ascertainable.

## IV.    Conclusion

The court will deny defendants' motion (Doc. 15).  An appropriate order shall

issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    January 31, 2018