# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGINIA SPANO** and **SUSAN MIZAK**, | CIVIL ACTION NO. 2:17-CV-717 |
| **Plaintiffs** | (Chief Judge Conner) |
| v. | |
| **OHIO HOSPICE AND PALLIATIVE CARE d/b/a PARAMOUNT HOSPICE AND PALLIATIVE CARE, PARAMOUNT HOSPICE AND PALLIATIVE CARE, and JAMES J. COX, individually,** | |
| **Defendants** | |

## ORDER

AND NOW, this 20th day of March, 2019, upon consideration of plaintiffs' proposed notice (Doc. 65) of potential class action to defendants' current and former employees who worked as certified nursing assistants during the relevant time period, and further upon consideration of defendants' motion (Doc. 63) for a telephonic status conference wherein defendants argue that (1) the statute of limitations on plaintiffs' claims pursuant to the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 PA. STAT. AND CONS. STAT. ANN. § 260.1 *et seq.*, is three years and that the notice should therefore only be issued to certified nursing assistants who worked for defendants within the three-year timeframe before the filing of this case; and (2) that the "opt-in/out provision" should be removed from the notice as no class action has been certified to date, (see Doc. 63 ¶¶ 2-3, 7), and taking defendants' arguments in turn: *first*, it appearing that the PWPCL prohibits

legal action "for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable," 43 PA. STAT. AND CONS. STAT. ANN. § 260.9a(g), and the court observing that the instant action was first filed in the Court of Common Pleas for Allegheny County on April 3, 2017, before being removed to federal court, (Doc. 1 ¶ 1), and the court concluding that notice should be provided to certified nursing assistants who worked for defendants between April 3, 2014, and April 3, 2017; and *second*, as to defendants' contention that the "opt-in/out provision" should be removed from the notice, the court observing that no class action has been certified in this matter, and therefore concluding that inclusion of an opt-out provision in the notice is inappropriate at this juncture, it is hereby ORDERED that:

1. Defendants' motion (Doc. 63) is GRANTED in part and DENIED in part as follows:

    a. The proposed notice may issue only to current and former employees who worked for defendants as certified nursing assistants between April 3, 2014, and April 3, 2017.

    b. The proposed notice shall not include the opt-out provision detailed in the last paragraph of the proposed notice. (See Doc. 65 at 2).

    c. Defendants' request for a telephonic status conference is DENIED.

2. Plaintiffs shall modify their proposed notice (Doc. 65) in accordance with paragraph 1 of this order. Plaintiffs' proposed notice (Doc. 65) is otherwise APPROVED.

3. Except as set forth above, the court's order (Doc. 62) of March 5, 2019, shall continue to govern the parties' conduct with respect to issuance of notice to the relevant employees.

       /S/ C<span style="font-variant:small-caps">HRISTOPHER</span> C. C<span style="font-variant:small-caps">ONNER</span>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania