## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGINIA SPANO and SUSAN MIZAK,** | : | **CIVIL ACTION NO. 2:17-CV-717** |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OHIO HOSPICE AND PALLIATIVE CARE d/b/a Paramount Hospice and Palliative Care, PARAMOUNT HOSPICE AND PALLIATIVE CARE, and JAMES J. COX**, individually, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiffs Virginia Spano and Susan Mizak allege that defendants Ohio Hospice and Palliative Care, Paramount Hospice and Palliative Care, and James Cox violated the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. AND CONS. STAT. ANN. § 260.1 *et seq.* Plaintiffs now seek to enforce a purported settlement agreement.

## I.    Factual Background

After the close of discovery, the parties engaged in settlement negotiations. In an email dated June 14, 2019, defendants' counsel offered to settle plaintiffs' claims for $5,000, including fees, costs, and a confidentiality requirement, in

exchange for a "general release." (Doc. 79-3). On July 3, 2019, plaintiffs' counsel

responded:

> My Clients have instructed me to accept the offer to settle
> their claims for $5000.00 in consideration for a General
> Release. This acceptance is made with the understanding
> that this will include full withdrawal of any and all
> counterclaims, as well as withdrawal of the private
> criminal complaint filed with the Allegheny County
> District Attorney's Office. This is contingent upon the full
> dismissal of any and all of the disputed criminal charges
> filed by Mr. Cox against Virginia Spano, resulting from
> the disputed and actionable claims made by Mr. Cox.
> Please provide a copy of the proposed General Release,
> and I will notify the Court.

(Doc. 79-4). On July 5, 2019, defendants' counsel rejoined that its settlement offer

was not intended to release defendants' counterclaims. (Doc. 79-5). Counsel also

noted that criminal charges fall within the District Attorney's jurisdiction and are

not dismissed by any agreement between the private parties. (Id.) Finally, counsel

stated that defendants were construing plaintiffs' response as a counteroffer, not an

acceptance of their original offer. (Id.)

Plaintiffs responded by filing the instant motion for enforcement of

settlement agreement. (Docs. 79). The motion is briefed and ripe for disposition.

## II.  <u>Legal Standard</u>

Federal courts have inherent power to enforce and consider challenges to

settlement agreements. <u>Fox v. Consol. Rail Corp.</u>, 739 F.2d 929, 932 (3d Cir. 1984)

(citation omitted). The standard for evaluating the validity of a settlement

agreement is similar to the summary judgment standard. <u>Tiernan v. Devoe</u>, 923

F.2d 1024, 1031 (3d Cir. 1991). That is, treating the nonmovant's assertions as true,

we must determine whether the moving party is entitled to enforcement of the agreement as a matter of law.  Id. at 1031-32.

### III.  <u>Discussion</u>

Plaintiffs seek to enforce a settlement agreement purportedly entered into with defendants in July of 2019.  Defendants claim no agreement exists because plaintiffs' conditional acceptance amounts to a counteroffer and does not create an enforceable contract.

A settlement agreement is a contract and is governed by principles of state contract law.  <u>Mazzella v. Koken</u>, 739 A.2d 531, 536 (Pa. 1999) (citations omitted). Settlement agreements are enforceable only if the parties have a meeting of the minds regarding material terms and subject matter.  <u>Id.</u> (citing <u>Onyx Oils & Resins, Inc. v. Moss</u>, 80 A.2d 815, 817 (Pa. 1951)).  Courts look to objective indicators to determine whether both parties manifested an intention to be bound.  <u>Am. Eagle Outfitters v. Lyle & Scott, Ltd.</u>, 584 F.3d 575, 582 (3d Cir. 2009) (citing <u>Ingrassia Constr. Co., Inc. v. Walsh</u>, 486 A.2d 478, 483 (Pa. Super. Ct. 1984)).

An enforceable contract requires an offer, acceptance, and consideration. <u>Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick</u>, 587 A.2d 1346, 1349 (Pa. 1991).  Acceptance of an offer must be "unconditional and absolute." <u>O'Brien v. Nationwide Mut. Ins. Co.</u>, 689 A.2d 254, 258-59 (Pa. Super. Ct. 1997) (quoting <u>Thomas A. Armbruster, Inc. v. Barron</u>, 491 A.2d 882, 887 (Pa. Super. Ct. 1985)).  A response that claims to accept an offer yet materially changes its terms is not an acceptance: it is a counteroffer that terminates the original offer.  <u>First Home</u>

Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 15 (Pa. Super. Ct. 1994), *allocatur* denied, 657 A.2d 491 (Pa. 1995) (citations omitted).

The parties have not entered into an enforceable settlement agreement. Defendants' counsel extended plaintiffs an offer on June 14 to settle plaintiffs' claims for $5,000—including fees, costs, and a promise of confidentiality—in exchange for a "general release." (Doc. 79-3). Plaintiffs' response purported to accept that offer, but acceptance was "contingent upon the full dismissal of any and all of the disputed criminal charges" filed by Defendant Cox against Defendant Spano. (Doc. 79-4). Plaintiffs' response—and its conditional acceptance—materially alters the offer's terms and constitutes a counteroffer, not an acceptance. Nernberg, 648 A.2d at 15. Their attempt to accept defendants' offer violates the cardinal rule that acceptance be "unconditional and absolute," and thus does not create a binding contract. O'Brien, 689 A.2d at 258-59 (citation omitted). Moreover, defendants' July 5th response to plaintiffs' attempted acceptance objectively demonstrates a lack of intent to be bound. Defendants plainly explain that their offer was not intended to release counterclaims against plaintiff Spano or to instruct the District Attorney to dismiss its charges.[1] For all of these reasons, we will deny plaintiffs motion to enforce settlement

---

[1] Defendants appear to misunderstand plaintiffs' request regarding the pending criminal charges. Plaintiffs' counsel sought withdrawal of the private criminal complaint filed *by defendant Cox* with the Allegheny County District Attorney's Office. (Doc. 79-4). Defendants incorrectly interpret plaintiffs' request as seeking withdrawal of criminal charges filed *by the Allegheny County District Attorney*. (Doc. 79-5).

## IV.   **Conclusion**

The court will deny plaintiffs' motion (Doc. 79) for enforcement of settlement agreement.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     December 19, 2019